IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREW STRUNK, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| BURKE COSTANZA AND CARBERRY, LLP, | ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.Plaintiff Andrew Strunk brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Burke Costanza and Carberry, LLP ("BCC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. BCC's collection communications were received by plaintiff within this District;

   b. BCC is located within this District.

## PARTIES

9. Plaintiff Andrew Strunk is an individual who resides in Crown Point, Indiana.

10. Defendant BCC is a law firm organized as a limited liability partnership with offices at 9191 Broadway, Merrillville, IN 46410, 156 S. Washington St, Valparaiso, IN 46383, and 150 N. Michigan Ave., 8th Floor, Chicago, IL 60601.

11. BCC is a general practice law firm with a substantial consumer collection practice.

12. For example, Chad W. Nally, who signed the letter at issue (Exhibit A), describes his practice as follows on the firm's website: "Chad's practice primarily focuses on representing both businesses and individuals in the areas of creditor's rights, collections, and commercial litigation." (https://www.bcclegal.com/chad-w-nally)

13. Another portion of the same website states: "Burke Costanza & Carberry's Commercial Services Practice Group provides a full range of services including bankruptcy, foreclosures, and commercial and retail collections. [¶] We keep abreast of all developments in

the laws affecting the industry, and the firm's policies and procedures are in compliance with FDCPA, FHA, VA, FNMA and FHLMC guidelines. [¶]   We have created innovative strategies to protect and enforce the rights of our clients. [¶]   Our firm's expertise in collections, bankruptcy and foreclosure litigation is a valuable asset in federal and state courts. Our attorneys have the knowledge, experience and expertise necessary to protect your rights and get desired results. Whether you would like to recover property or collect on a loan, our attorneys can help you assert and enforce your rights.  [¶]   We provide personal attention and responsive service to our clients, while keeping fees to a minimum. We offer various fee structures to meet your needs, whether hourly, contingent or flat fee. . . . [¶]   For more information on Commercial Services please contact Chad W. Nally."  (https://www.bcclegal.com/commercial-services/)

14. BCC has a "collections department" as stated on Exhibit A.

15. The number 800-769-0588 is answered by the "collections department."

16. BCC regularly uses the mails and telephone to collect consumer debts owed to others.

17. BCC is a debt collector as defined in the FDCPA.

## FACTS

18. BCC has been attempting to collect from plaintiff an alleged medical debt incurred, if at all, for personal, family or household purposes.

19. On or about October 5, 2017, defendant BCC sent plaintiff the letter attached as Exhibit A, including the enclosed "notice."

20. Exhibit A is the first letter plaintiff received from defendant regarding the debt described therein.

21. On information and belief, based on its contents, Exhibit A, including the enclosed "notice," is a form intended for use as the first letter defendant sent to plaintiff regarding the debt described therein.

22. The "notice" is the document intended to comply with 15 U.S.C. §1692g.

3

## COUNT I – FDCPA

23. Plaintiff incorporates paragraphs 1-22

24. Defendant's "notice" violated 15 U.S.C. §1692g, and is misleading in violation of 15 U.S.C. §1692e, in that it fails to inform the consumer that in order to exercise the right to obtain verification, or the right to obtain the name and address of the original creditor, the consumer must dispute the debt in writing, and gives information regarding exercise of those rights that if followed, will result in forfeiture of the consumer's legal rights.

25. Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
>     **(1) the amount of the debt;**
>
>     **(2) the name of the creditor to whom the debt is owed;**
>
>     **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
>     **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
>     **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt**

>collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
>(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
>
>(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
>(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

26. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

27. The class consists of (a) all individuals (b) to whom defendant sent a letter containing the "notice" in Exhibit A (c) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

28. On information and belief, based on the use of a form document, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

29. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the "notice" in Exhibit A violates the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members. All are based on

5

the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather A. Kolbus
Mary Frances Charlton
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                               s/Daniel A. Edelman
                                               Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC 20 S.
Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)