IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANDREW STRUNK, ) | | |
| on behalf of plaintiff and a class, ) | | |
| ) | | |
| Plaintiff, ) | | Case No.: 2:18-cv-344-JVB-APR |
| ) | | |
| v. ) | | Judge Joseph S. Van Bokkelen |
| ) | | |
| BURKE COSTANZA AND ) | | Magistrate Judge Andrew P. Rodovich |
| CARBERRY, LLP, ) | | |
| ) | | |
| Defendant. ) | | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiff Andrew Strunk ("Plaintiff"), individually and as representative of the class ("Class"), respectfully requests that this Court enter an order which: (i) preliminarily certifies a class for settlement purposes; (ii) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (iii) sets deadlines for Class Members to submit claim forms, opt out, and object, (iv) appoints Andrew Strunk as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel; (v) schedules a hearing for final approval of the Agreement; (vi) approves the mailing of notice and claim form to the Class in the form of Exhibit 1 to Appendix A; and (vii) finds that the mailing of such notice satisfies due process and Fed. R. Civ. P. 23. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Appendix A.

1. Plaintiff, individually and on behalf of the Class, filed the above-captioned action in the United States District Court for the Northern District of Indiana, Hammond Division, entitled *Andrew Strunk v. Burke Costanza and Carberry, LLP*, Case No. 18-cv-344 (the "Litigation"). In the Litigation, Plaintiff alleged that the collection letter Burke Costanza and

1

Carberry, LLP ("Defendant") sent to Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* Plaintiff alleged that the notice in the collection letter violated §1692g, and was misleading in violation of §1692e in that it failed to inform the consumer that in order to exercise the right to obtain verification, or the right to obtain the name and address of the original creditor, the consumer must dispute the debt in writing, and in that it gives information regarding exercise of those rights that if followed, would result in forfeiture of the consumer's legal rights. Defendant denies Plaintiff's allegations.

2.   After arms-length discussions, the parties reached a settlement to resolve this matter. The parties desire to settle this matter solely to avoid the expense, burden, and uncertainty of further litigation. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing this Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of litigation, and the costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsels' review and analysis, the parties have entered into the Agreement to settle and compromise this Litigation on the terms and conditions embodied in the Agreement (Appendix A).

3.   **Conditional Certification of Class for Settlement Purposes**. For purposes of this settlement only, Plaintiff and Defendant agree to the Court's conditional certification of the following settlement class (the "Class"), which consists of approximately 764 people:

> The class consists of (a) all individuals (b) to whom defendant sent a letter containing the notice and claim form in Exhibit A to the complaint (c) at any time from September 13, 2017 through and including October 4, 2018.

4.   The FDCPA caps a class's statutory recovery available to the class members. In an individual action, the person bringing the suit may recover (i) any actual damages sustained as a result of the alleged violation; and (ii) statutory damages of between $0 and $1,000.00. In a class

2

action, the maximum possible recovery is (i) any actual damages sustained as a result of the alleged violation by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. Based on this, and the facts of this case, Class Counsel believes that the settlement reached in this matter is a fair and reasonable settlement. The Class Recovery is almost 1% of Defendant's net worth.

5. **Class Recovery.** Class Members shall receive $8,000.00 comprising the class recovery. The Class Recovery amount shall be distributed evenly among the Class Members who timely submit a valid claim form and do not timely exclude themselves from this settlement. No portion of the Class Recovery shall revert back to Defendant. The pro rata distribution shall be limited to not more than $1,000.00 per person.

6. **Plaintiff's Recovery.** Plaintiff/Class Representative Andrew Strunk shall receive an additional $1,000 for his individual statutory damages and role as class representative.

7. **Attorneys' Fees and Costs.** Counsel for Plaintiff and the Class shall petition the Court for approval of attorneys' fees and costs in the amount of $12,000.00. Defendant shall pay those fees that the Court deems reasonable up to $12,000.00. These amounts are separate and distinct from the Class Recovery.

8. **Second Distribution.** If there is sufficient money remaining in the Class Recovery to pay each Class Member who cashed his or her initial settlement payment a minimum of $10.00 each, then there shall be a second distribution to Class Members.

9. **Uncashed Checks**. If, within 30 days of the last void date of all checks cashed pursuant to the Settlement Agreement, those funds will be distributed to Indiana Legal Services, Inc. ("ILS") as a *cy pres* award. ILS is a legal services organization which provides free legal

assistance to low-income people throughout the state of Indiana. Most of the cases ILS handles are cases such as family law where there is domestic violence, housing, consumer law, access to health care, and access to public benefits. *See,* https://www.indianalegalservices.org/. There will be no reversion to Defendant.

10. **Cost of Class Notice and Administration.** Defendant shall pay all costs of notice and administration of the settlement. These amounts are separate and in addition to the Class Recovery.

11. **Class Notice**: Within 30 days of entry of the preliminary approval order, Defendant shall, through a settlement administrator, cause actual notice and a claim form, in the form of Exhibit 1, to be sent to the last known addresses of the Class Members, according to the most current and available address in Defendant's records and after running the addresses through the NCOA database. The settlement administrator shall distribute the notice and claim form via any form of U.S. Mail providing address forwarding. In the event that a notice is returned as undeliverable and a forwarding address is provided, the settlement administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. In the event a notice is returned as undeliverable and a forwarding address is not provided, the settlement administrator will ascertain the Class Member's current address using skip-tracing.

12. **Claim Form, Opt Out and Objections**. Class Members shall have 60 days after the mailing of the notice to submit a claim, opt out of or object to the Settlement. The settlement administrator shall match the address provided by the Class Member on a returned claim form to an address on the Class List. The settlement administrator shall determine whether the claim is a duplicate, whether the claim form is signed and examine the claim form for completeness and validity. If the information provided on the claim form does not match the information on the

303605867v1 1014024

Class List, the settlement administrator shall follow up with the Class Member in an effort to determine the validity of the claim. If the information provided on the claim form does not match the Class List and the follow-up with the Class Member has not resolved the issue Class Counsel or the settlement administrator shall make a determination on whether to allow the claim. If a claim is deemed disallowed, the settlement administrator must communicate that disallowance of the claim to the Class Member and Class Counsel and allow Class Counsel an opportunity to investigate the basis for any disallowed claim. In the event the Parties disagree as to the validity of any claim form or whether to disallow a claim, then Class Counsel will present the disputed claim to the Court for resolution. All Class Members who file a timely written request for exclusion shall be excluded from the Class and shall have no rights as Class Members pursuant to the Agreement. All Class Members have the right to object to this settlement by submitting an objection in writing and serving the objection on all counsel of record.

      13.    Under Federal Rule of Civil Procedure 23(a) the prerequisites to class certification are:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defenses of the representative parties are typical of the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods**

5

**for the fair and efficient adjudication of the controversy.**

Plaintiff contends (and Defendant does not dispute for purposes of settlement) that as demonstrated below, each of the requirements for certification of the Settlement Class is met for the following reasons:

a. <u>Rule 23(a)(1) – Numerosity.</u> Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is usually 40. <u>Swanson v. American Consumer Industries</u>, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); <u>Scholes v. Stone, McGuire & Benjamin</u>, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In the present case, Defendant has represented that, based on a review of its records, there are approximately 764 persons in the Settlement Class. This plainly satisfies the numerosity requirement.

b. <u>Rule 23(a)(2) – Commonality; and Rule 23(b)(3) – Common Questions of Law or Fact Predominate</u>. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law <u>or</u> fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. <u>Blackie v. Barrack</u>, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. <u>McClendon v. Continental Group, Inc.</u>, 113 F.R.D. 39, 43-44 (D.N.J. 1986); <u>Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 114

F.R.D. 48, 52 (S.D.N.Y. 1987); *Spicer v. Chicago Board Options Exchange*, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); *Alexander Grant & Co. v. McAlister*, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984); *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

(1) Whether the "notice" in Exhibit A to Plaintiff's complaint violates the FDCPA by failing to inform consumers that in order to exercise the right to obtain verification, or the right to obtain the name and address of the original creditor, one must dispute the debt in writing;

(2) Whether the "notice" in Exhibit A to Plaintiff's complaint violates the FDCPA by providing misleading information regarding the exercise of those rights that, if followed, would result in the forfeiture of the consumer's legal rights.

    c.    Rule 23(a)(3) – Typicality. Rule 23 requires that the claims of the named Plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the Class Members has been subjected to the same practice as the named Plaintiff, namely they are

individuals to whom Defendant sent a letter in the form of Exhibit A to Plaintiff's complaint.

        d.      Rule 23(a)(4) – Adequacy of Representation. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving alleged unlawful business practices. Counsel's qualifications are set forth in Appendix B. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

        e.      Rule 23(b)(3) – Class Action Is Superior to Other Available Methods of Resolving This Controversy. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." *Brady v. LAC, Inc.*, 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

*In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

*Lake v. First Nationwide Bank*, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

14. Plaintiff's counsel submits that the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014), and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014), are not applicable to the terms of the proposed Agreement. The award to the Class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to the Class would not come from the Class Recovery but rather by payment directly from Defendant, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, Plaintiff's counsel submits that the size of the class award is not contingent on the size of the attorneys' fees award, unlike cases such as *Pearson*, *Redman*, and *Eubank* where payment of the attorneys' fees affected the total payment to the class. In this case, even if the Class were to proceed to trial, it would not receive more than 1% of Defendant's net worth. The parties further submit that the class notice gives fair notice to the class of the terms of the settlement, and the ways in which Class Members can

participate (or not) in the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and due process.

15. Plaintiff's counsel further submits that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which Class Members can opt out or object to the settlement, thus satisfying the requirements of Fed. R. Civ. P. 23, and due process.

16. **Schedule for Class Notice, Exclusions, and Objections.** The parties request that the Court set the following schedule for the proposed Agreement:

   a. Class Notice and Claim Form (Exhibit 1 to Appendix A) are to be mailed within 30 days of entry of the Preliminary Approval Order (Exhibit 2 to Appendix A);

   b. Class members shall have until 60 days after the initial mailing of the notice to submit a claim form, request exclusion or object to the proposed Agreement;

   c. A hearing on the fairness, adequacy, and reasonableness of the Agreement and whether the final approval shall be given to it, including the requests for fees and expenses by counsel for the classes will be held before this Court on a date at least ninety (90) days from the notification provided under the Class Action Fairness Act, 28 U.S.C. § 1715(b).

17. In the event that there is any conflict between any provision of this motion and the Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order in the form of Exhibit 2 to the Agreement, which (i) preliminarily approves the Agreement; (ii) preliminarily certifies the class mentioned above for settlement purposes only; (iii) appoints Andrew Strunk as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (iv) schedules a hearing for final approval of the Agreement; (v) approves Exhibit 1 to the Agreement as notice and claim form to the Class to be directed by First Class U.S. Mail to the last known address of the Class Members as shown from Defendant's records; (vi) sets dates for Class

303605867v1 1014024

Members to submit claim forms, opt out, and object, and (vii) finds that the mailing of notice satisfies due process and Fed. R. Civ. P. 23.

Respectfully submitted,  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
*/s/ Mary Frances Charlton*  
Mary Frances Charlton

Daniel A. Edelman  
Heather Kolbus  
Mary Frances Charlton  
Edelman, Combs, Latturner & Goodwin, LLC  
20 South Clark Street, Suite 1500  
Chicago, IL 60603  
Telephone: (312) 739-4200  

## CERTIFICATE OF SERVICE

I, Mary Frances Charlton, an attorney, certify that on April 29, 2019, caused to be served a copy of the foregoing **JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** by electronical delivery via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

Brandon Stein  
David M. Schultz  
Hinshaw & Culbertson LLP  
151 N. Franklin St.  
Suite 2500  
Chicago, Illinois 60606  

*/s/ Mary Frances Charlton*  
Mary Frances Charlton

303605867v1 1014024