# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANDREW STRUNK, ) | |
| on behalf of plaintiff and a class, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:18-cv-344-TLS-APR |
| ) | |
| v. ) | Chief Judge Theresa L. Springmann |
| ) | |
| BURKE COSTANZA AND ) | |
| CARBERRY, LLP, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on January 7, 2020, we caused to be filed electronically in the United States District Court for the Northern District of Indiana, the following document: CLASS SETTLEMENT AGREEMENT, copies of which are attached hereto and hereby served upon you.

Daniel A. Edelman
Cathleen M. Combs
Heather A. Kolbus
Bryan G. Lesser
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
Phone: (312) 739-4200
Fax: (312) 419-0379
E-mail: courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Heather A. Kolbus, certify that on January 7, 2020, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF system which caused notice to be sent to all parties of record.

                                    */s/ Heather A. Kolbus*
                                    Heather A. Kolbus


Daniel A. Edelman
Cathleen M. Combs
Heather A. Kolbus
Bryan G. Lesser
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
Phone: (312) 739-4200
Fax: (312) 419-0379
E-mail: courtecl@edcombs.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREW STRUNK, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) Case No.: 2:18-cv-344-JVB-APR ) |
| v. | ) Judge Joseph S. Van Bokkelen ) |
| BURKE COSTANZA AND CARBERRY, LLP, | ) Magistrate Judge Andrew P. Rodovich ) ) |
| Defendant. | ) |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.      **Parties.**  Defendant Burke Costanza and Carberry, LLP ("BCC" or "Defendant") and Plaintiff Andrew Strunk ("Strunk" or "Plaintiff"), individually, and as representative of the class of persons defined below in Paragraph 9 (the "Class"), enter into this class settlement agreement (the "Agreement").

2.      **Case, Parties, and Nature of the Litigation.**  Plaintiff, individually and on behalf of the Class, filed the above-captioned action in the United States District Court for the Northern District of Indiana, Hammond Division, entitled *Andrew Strunk v. Burke Costanza and Carberry, LLP.*, Case No. 18-cv-344 (the "Litigation"). In the Litigation, Plaintiff alleged that the collection letter Defendant sent to Plaintiff violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq. Plaintiff alleged that the notice in the collection letter violated §1692g, and was misleading in violation of §1692e in that it failed to inform the consumer that in order to exercise the right to obtain verification, or the right to obtain the name and address of the original creditor, the consumer must dispute the debt in writing, and in that it

303360123v1 1014024

gives information regarding exercise of those rights that if followed, would result in forfeiture of the consumer's legal rights.

3. **Denial of Liability.** Defendant denies that it violated the FDCPA and denies all liability to Plaintiff and the Class. Nonetheless, Defendant agrees to this settlement to avoid the expense, burden, and uncertainty of further litigation.

4. Plaintiff, individually and on behalf of the Class, desires to enter into this Agreement, having considered, with the assistance of counsel, the risks, delay, costs, and difficulties involved in establishing a right to recovery over that offered by this settlement.

5. Plaintiff's counsel has investigated the facts and the applicable law. Upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Class to enter into this Agreement.

6. In consideration of the foregoing and other valuable consideration, the parties each agree to settle the instant litigation in its entirety subject to the Court's approval, on the following terms and conditions.

## TERMS

7. **Recitals.** The Recitals set forth above are incorporated by reference as integral provisions of this Agreement.

8. **Effective Date.** This Agreement shall become effective (the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Class; (b) finds that this Agreement is fair and made in good faith; and (2) (a) if the Final Approval Order is not appealed, the expiration of 5 days from the date that the Final Approval Order becomes a final, non-appealable order; or (b) if the Final Approval Order is appealed, the expiration of 5 days after the

final disposition of any such appeal, which final disposition affirms the Court's Final Approval Order and orders the consummation of the settlement under the terms and provisions of this Agreement.

9.      **Class.** For purposes of this settlement only, Plaintiff and Defendant agree to the Court's conditional certification of the following settlement class (the "Class"), which consists of approximately 764 people:

> The class consists of (a) all individuals (b) to whom defendant sent a letter containing the notice in Exhibit A to the complaint (c) at any time from September 13, 2017 through and including October 4, 2018.

10.     Plaintiff Andrew Strunk will be appointed as class representative. The law firm of Edelman, Combs, Latturner & Goodwin, LLC will be appointed as Class Counsel.

11.     **Relief to the Class Members ("Class Recovery").** Subject to Court approval, the Class Members shall receive $8,000.00 comprising the Class Recovery. The Class Recovery amount shall be distributed evenly among the Class Members who do not timely exclude themselves from this settlement. No portion of the Class Recovery shall revert back to Defendant.

12.     **Relief to Plaintiff Andrew Strunk.** Subject to Court approval, Defendants shall pay $1,000.00 to Plaintiff/Class Representative Andrew Strunk, which represents $1,000.00 in alleged statutory damages. This amount is in addition to the Class Recovery.

13.     **Attorneys' Fees and Costs.** Counsel for Plaintiff and the Class shall petition the Court for approval of attorneys' fees and costs in the amount of $12,000.00. Defendant shall pay those fees and costs that the Court deems reasonable up to $12,000.00. This amount is in addition to and separate from the Class Recovery.

14.     **Cost of Class Notice and Administration.** Defendant shall pay all costs associated with the notice under this Agreement and the costs of administering the Class

Recovery. This amount shall be in addition to the amount of the Class Recovery.

15. **Timing of Payments.** The payments required by Paragraphs 11-14 of this Agreement, shall be distributed as follows:

   a. **Distribution of Class Recovery.** Each member of the settlement class who submits a valid claim form will receive a check for a pro rata distribution of the Class Recovery ("Initial Settlement Payment"). Initial Settlement Payments of the Class Recovery due under Paragraph 11 shall be distributed by the settlement administrator within 21 days of the Effective Date. No class member is eligible to receive more than one check for their share of the Class Recovery. The pro rata distribution shall be limited to not more than $1,000.00 per person.

   b. **Distribution of Plaintiff's Recovery.** The settlement administrator shall deliver a check made payable to Plaintiff/Class Representative Andrew Strunk in the amount of $1,000.00 as set forth in Paragraph 12 to Plaintiff's counsel within 21 days of the Effective Date and upon receipt of a completed W-9 for Plaintiff. The settlement administrator shall send the check to Edelman, Combs, Latturner & Goodwin, LLC, 20 South Clark Street, Suite 1500, Chicago, Illinois 60603.

   c. **Distribution of Attorneys' Fees and Costs Payment.** The settlement administrator shall deliver a check made payable to Edelman, Combs, Latturner & Goodwin LLC Client Trust Account in the amount of $12,000.00 as set forth in Paragraph 13 to Plaintiff's counsel within 21 days of the Effective Date and upon receipt of a completed W-9 form for Plaintiff's counsel. The settlement administrator shall send the check to Edelman, Combs, Latturner & Goodwin, LLC, 20 South Clark Street, Suite 1500, Chicago, Illinois 60603.

   d. **Second Distribution.** After the distribution identified in subsection (a), if there is sufficient money remaining in the Class Recovery to pay each Class Member who cashed his or her initial settlement payment a minimum of $10.00 each, then there shall be a second distribution to Class Members ("Second Distribution"). The Second Distribution shall occur no sooner than 30 days after the expiration of the void dates on the checks from the Initial Settlement Payment. If there is not sufficient money remaining in the Class Recovery to make a Second Distribution, such remaining funds shall be distributed to a cy pres charity, consistent with subsection (e) below.

   e. **Uncashed Checks.** The void date for any checks the settlement administrator issues pursuant to this Agreement are void 90 days from the date they are issued (the "Void Date"). This applies to both the Initial Settlement Payment and Second Distributions. If, within 30 days of the last Void Date of all

checks issued pursuant to this Agreement, there remains any uncashed checks or undistributed funds, those funds will be distributed to Indiana Legal Services, Inc. as a *cy pres* award, subject to court approval. The settlement administrator shall report to the parties if there are any undistributed amounts remaining in the Class Recovery within 30 days after the last Void Date.

f. **Report of Distribution.** Within 30 days of the *cy pres* payments being made, the settlement administrator shall report on the distribution of the Class Recovery.

16. **Dismissal Order.** Once Defendant makes all payments set forth in this Agreement, then the parties can agree to dismiss the Litigation with prejudice, excluding those persons who have opted out.

17. <u>Notice</u>. Within 30 days of entry of the preliminary approval order, Defendant shall, through a settlement administrator, cause actual notice and a claim form, in the form of <u>Exhibit 1</u>, to be sent to the last known addresses of the Class Members, according to the most current and available address in Defendant's records. Before mailing the notice required by this paragraph, the settlement administrator will obtain updated addresses for the Class Members through the National Change of Address ("NCOA") database. The settlement administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. In the event that a notice is returned as undeliverable and a forwarding address is provided, the settlement administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. In the event that a notice is returned as undeliverable and a forwarding address is not provided, the settlement administrator will undertake to ascertain the Class Member's current address using skip-tracing. If the settlement administrator finds through skip-tracing that the Class Member has a different address, the settlement administrator will send the notice to that address.

a. **Claim Form.** Class Members shall have 60 days after the mailing of the

notice to submit a claim. The settlement administrator shall match the address provided by the Class Member on a returned claim form to an address on the Class List. The settlement administrator shall determine whether the claim is a duplicate, whether the claim form is signed and examine the claim form for completeness and validity. If the information provided on the claim form does not match the information on the Class List, the settlement administrator shall follow up with the Class Member in an effort to determine the validity of the claim. If the information provided on the claim form does not match the Class List and the follow-up with the Class Member has not resolved the issue Class Counsel or the settlement administrator shall make a determination on whether to allow the claim. If a claim is deemed disallowed, the settlement administrator must communicate that disallowance of the claim to the Class Member and Class Counsel and allow Class Counsel an opportunity to investigate the basis for any disallowed claim. In the event the Parties disagree as to the validity of any claim form or whether to disallow a claim, then Class Counsel will present the disputed claim to the Court for resolution.

b. **Right of Exclusion.** All Class Members who properly file a timely written request for exclusion from the Class shall be excluded from the Class and shall have no rights as Class Members pursuant to this Agreement. A request for exclusion must be in writing and state "I hereby wish to exclude myself from the settlement in *Andrew Strunk v. Burke Costanza and Carberry, LLP*, Case No. 18-cv-344 (N.D. Ind.)." The request must also include the name, address, phone number, and signature of the person(s) or entity seeking

exclusion. The request must be mailed to the settlement administrator at the address provided in the class notice and received by such date as set by the Court. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the class notice, or that is not received within the specific time shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member pursuant to this Agreement and settlement, if approved. The class administrator shall forward copies of all requests for exclusion to counsel for the Class and counsel for Defendant no later than seven days after the deadline for Class Members to submit such requests.

c. **Right to Object.** All Class Members shall have the right to object to this settlement. Objections must be filed with the Court by the objecting Class Member and served on all counsel of record. For an objection to be valid, it must in writing and contain the following:

   i. the objecting Class Member's name address, and phone number;

   ii. the name and number of the case: *Andrew Strunk v. Burke Costanza and Carberry, LLP.*, Case No. 18-cv-344 (N.D. Ind.).

   iii. the factual basis or legal grounds for the objection; and

   iv. documents, if any, to support the objection.

d. **Time for Requests for Exclusion or Objections.** Class Members shall have 60 days after mailing of the class notice to complete and postmark a request to be excluded from the proposed settlement or to object to this settlement.

e. **Invalid Request for Exclusion.** A request for exclusion that does not

7

include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Settlement, if approved.

18. **Release.** Upon the Effective Date, Plaintiff and Class Members grant the following release: Plaintiff and each Class Member release and discharge Defendants, as well as their respective predecessors, successors, assigns, affiliates, parent corporations, subsidiaries, holding companies, divisions, unincorporated business units, partners, insurers, members, officers, directors, shareholders, members, managers, employees, agents, representatives, officials, attorneys, associates and trustees (in their respective capacities as such) (collectively, "Released Parties"), from any and all claims, actions, causes of action, suits, counterclaims, cross-claims, third-party claims, contentions, allegations, assertions of wrongdoing, demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal, or statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, that were brought in the Litigation, that could have been brought in the litigation, or that arise out of or relate to the conduct alleged in the Litigation. None of the Class Members are releasing any defenses regarding whether the debt relating to the Litigation is owed, the crediting of any payment toward the debt, or the furnishing of any information about the debt to the credit reporting agencies.

8

19. **Approval by the Court.** The above release in Paragraph 18 of this Agreement is conditioned upon the approval of this Agreement by the Court and the parties meeting the obligations set forth herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation or in any manner whatsoever.

20. **Class Action Fairness Act.** Defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

21. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the parties shall apply to the Court for entry of the preliminary approval order, attached as Exhibit 2, which:

> a. Preliminarily approves this Agreement;
>
> b. Schedules a hearing for final approval of this Agreement;
>
> c. Approves Exhibit 1 hereto as notice to the Class, to be directed to the last known address of the Class Members as shown on Defendant's records via First Class U.S. Mail; and
>
> d. Finds that mailing of the class notice specified in Paragraph 17 and the other measures specified in that paragraph are the only notice requirements and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

22. The parties agree to class notice attached hereto as Exhibit 1 and proposed preliminary approval order attached hereto as Exhibit 2. The fact that the Court may require non-substantive changes to the notice or order does not invalidate this Agreement.

23. **Class Recovery Data.** Within 8 days prior to the entry of the Final Approval Order, the settlement administrator shall provide counsel for Defendant and counsel for Plaintiff a final breakdown of the number of Class Members entitled to payments under Paragraph 11. If

9

final approval is granted, the parties or settlement administrator shall retain this information and the Class Members who excluded themselves for one year following the Effective Date and may destroy them after that period.

24.    **Final Approval.** At the conclusion of or as soon as practicable after the hearing on the fairness, reasonableness, and adequacy of this Agreement, and the expiration of at least 90 days from the preliminary approval of the settlement, Plaintiff's counsel and Defendant's counsel shall request that the Court (i) enter the Final Approval Order attached hereto as <u>Exhibit 3</u> approving the terms of this Agreement as fair, reasonable, and adequate; (ii) providing for the implementation of those terms and provisions; (iii) finding that the notice given to the Class satisfies the requirements of due process and Rule 23; and (iv) directing the entry of a Final Approval Order. The fact that the Court may require non-substantive changes to the proposed Final Approval Order attached hereto as <u>Exhibit 3</u> does not invalidate this Agreement.

25.    **Release of Attorneys' Lien.** In consideration of this Agreement, counsel for Plaintiff and the Class hereby discharge and release the "Released Parties," as defined in Paragraph 18 above, from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under Paragraph 13, for legal services rendered.

26.    **Miscellaneous Provisions.**

    a. The parties acknowledge that this Agreement memorializes the compromise of disputed actual and potential claims.

    b. The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to affect the consummation of this Agreement and the settlement provided for herein.

    c. Notices and objections related to this Agreement shall be sent to the following attorneys:

        Daniel A. Edelman
        Heather Kolbus
        Mary Frances Charlton

>Edelman, Combs, Latturner & Goodwin, LLC
>20 South Clark Street
>Suite 1500
>Chicago, Illinois 60603
>
>Brandon Stein
>David M. Schultz
>Hinshaw & Culbertson LLP
>151 North Franklin Street
>Suite 2500
>Chicago, Illinois 60606
>
>Without Court approval, the persons and addresses designated in this sub-paragraph may be changed by any party by written notice to the other parties.

d. This Agreement constitutes the entire agreement between the parties and may not be modified or amended except in writing, signed by all parties, and approved by the Court.

e. This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles, or digital scans of executed copies of this Agreement may be treated as originals.

f. Every term of this Agreement shall be binding upon and inure to the benefit of Plaintiff, the Class, and their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

g. This Agreement shall be governed by and interpreted under the laws of the State of Indiana.

h. The Parties represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations hereunder.

**IN WITNESS WHEREOF,** the parties hereto, acting by and through their respective counsel of record, have so agreed, on __4/25__, 2019.

**Plaintiff individually and as Class Representative:**

_____
Andrew Strunk

**Burke Costanza and Carberry, LLP**

By: _____
Its duly authorized representative

11

| Attorneys for Andrew Strunk and the Class: | Attorneys for Burke Costanza and Carberry, LLP: |
|---|---|
| */s/ Daniel A. Edelman*<br>Daniel A. Edelman<br>Heather A. Kolbus<br>Mary Frances Charlton<br>Edelman, Combs, Latturner<br>& Goodwin, LLC<br>20 South Clark Street<br>Suite 1500<br>Chicago, Illinois 60603 | */s/ Brandon Stein*<br>Brandon Stein<br>David M. Schultz<br>Hinshaw & Culbertson LLP<br>151 N. Franklin St.<br>Suite 2500<br>Chicago, Illinois 60606 |